## IN THE COURT OF APPEALS OF IOWA

No. 15-1950
Filed January 25, 2017

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**SAMUEL JUAREZ-MARTINEZ,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.

Samuel Juarez-Martinez appeals the judgment and sentence entered following his felon-in-possession-of-a-firearm conviction. **REVERSED AND REMANDED.**

Mark C. Smith, State Appellate Defender, and Maria Ruhtenberg, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Thomas J. Ogden, Assistant Attorney General, for appellee.

Heard by Potterfield, P.J., and Doyle and Tabor, JJ.

**DOYLE, Judge.**

Samuel Juarez-Martinez appeals the judgment and sentence entered following his felon-in-possession-of-a-firearm conviction, arguing the trial court erred in denying his motion to suppress. Because the officer violated statutory impoundment procedure for failure to produce proof of insurance, the impoundment of Juarez-Martinez's car was invalid, and accordingly, the officer's inventory search of the car was invalid. The trial court erred in denying Juarez-Martinez's motion to suppress. On this basis,[1] we reverse and remand for further proceedings.

**I. Background Facts and Proceedings.**

In the early morning hours of January 15, 2015, Des Moines Police Officer Ben Carter was on special assignment monitoring a residence on East 15th Street that had generated a lot of complaints. At approximately 1:45 a.m., Juarez-Martinez parked his car in the driveway of the residence in a manner that blocked a public sidewalk. Because he had been instructed to make arrests on any offenses he witnessed at the residence, no matter how minor, Officer Carter approached the car as Juarez-Martinez was getting out. The officer told Juarez-Martinez that he had parked over the sidewalk in violation of city ordinance and then asked him for his license and registration. By this time, Juarez-Martinez was out of the car and had locked the doors. The officer asked for proof of insurance and Juarez-Martinez unlocked the doors and got back in the car to

---

[1] Juarez-Martinez also argues he received ineffective assistance of trial counsel because counsel failed to challenge the pretextual nature of the stop that led to impoundment of his vehicle. Because we reverse on the ground his motion to suppress should have been granted on a claim raised by trial counsel, we need not address the merits of his ineffective-assistance claim.

search the glove box. When Juarez-Martinez was unable to produce valid proof of insurance for the car, the officer had him get out of the car. Officer Carter stated he was impounding the car because Juarez-Martinez had no proof of valid insurance[2] and that he was going to get a citation for the sidewalk violation. As the officer reached for the driver's door, Juarez-Martinez told the officer he could not search the car. The officer replied he was going to perform a standard inventory search "to inspect the vehicle for valuables." Juarez-Martinez was detained in handcuffs as he became more vocal.

Officer Carter then began an inventory search of the car and discovered a .38-caliber revolver containing five live rounds hidden inside of a sack on the front passenger seat. Juarez-Martinez was placed under arrest and also issued a citation for parking on the sidewalk. The State charged Juarez-Martinez with several criminal offenses, including possession of a firearm as a felon.

Juarez-Martinez filed a motion to suppress the evidence discovered during the search of his vehicle, arguing that the inventory search did not comply with the procedures for impounding a vehicle outlined in Iowa Code section 321.20B (2015). The State resisted. Following an evidentiary hearing, the district court denied the motion, as well as Juarez-Martinez's motion to reconsider the ruling.

After Juarez-Martinez waived his right to a jury trial, the parties agreed to proceed to trial on the minutes of testimony, the police reports, and photographs submitted by the State. The court found Juarez-Martinez guilty of possession of

---

[2] Juarez-Martinez produced an insurance card that had expired in December 2014. Although he told Officer Carter that the vehicle was insured, he had no proof of insurance with him, claiming it "had to be at home."

a firearm by a felon and sentenced him to a suspended sentence of no more than five years in prison. Juarez-Martinez appealed.

**II. Scope and Standard of Review.**

We review the denial of a motion to suppress evidence based on constitutional grounds de novo. *See State v. Pals*, 805 N.W.2d 767, 771 (Iowa 2011). In doing so, we perform an independent review of the totality of circumstances as shown in the entire record. *See id.* Although we defer to the district court's fact findings given its opportunity to view the witnesses and evaluate their credibility, we are not bound by them. *See id.*

**III. Motion to Suppress.**

Juarez-Martinez argues the trial court erred in denying his motion to suppress on the basis the inventory search of his vehicle violated his constitutional right to be free from unreasonable searches and seizures. Specifically, he claims the inventory search violated his rights because Officer Carter failed to follow the statutory impoundment procedure requirements for failure to produce proof of insurance.

The vehicle inventory search is one of the well-recognized exceptions to the Fourth Amendment's warrant requirement. *See State v. Huisman*, 544 N.W.2d 433, 436 (Iowa 1996). Whether the inventory search comports with constitutional requirements "depends on two overlapping inquiries: the validity of the impoundment and the scope of the inventory." *Id.* If law enforcement acted unreasonably with regard to either requirement, the search violates the Fourth Amendment and the evidence discovered during the search must be suppressed. *Id.* In order for an impoundment to be reasonable, there must be "some

reasonable necessity" justifying it. *Id.* This inquiry does not depend on the reasonableness of an officer's decision to impound the vehicle; instead, we must determine whether (1) there were "reasonable standardized procedures" for impoundment and (2) a purpose other than the investigation of criminal activity existed. *Id.* at 437.

The Des Moines Police Department's written operating procedures regarding vehicle impoundment state officers have authority to impound vehicles pursuant to Iowa Code chapter 321. This chapter requires drivers to maintain financial liability coverage and be able to produce proof of such coverage in paper or electronic format. *See* Iowa Code § 321.20B(1)(a). If an officer stops a motor vehicle and its driver is unable to provide proof of financial liability coverage, the statute provides a mechanism by which the officer may impound the vehicle. *See id.* § 321.20B(4)(a)(4)(a); *State v. Bitker*, No. 130520, 2014 WL 468228, at *3 (Iowa Ct. App. Feb. 5, 2014) ("Because [section 321.20B(4)(a)(4)] allows for impoundment where a driver cannot produce proof of insurance, we find that when viewed objectively, the officer was allowed to impound [the defendant]'s vehicle.")

Juarez-Martinez does not dispute there were reasonable standardized procedures for vehicle impoundment. Instead, he claims the impoundment was invalid because Officer Carter failed to comply with those procedures by not taking the steps the statute requires before impounding the vehicle.

Section 321.20B(4)(a) states that when the driver of a motor vehicle registered in this state is stopped by a peace officer and is unable to provide proof of insurance,

the peace officer shall do one of the following:
>    (1) Issue a warning memorandum to the driver.
>    (2) Issue a citation to the driver.
>    (3) Issue a citation and remove the motor vehicle's license plates and registration receipt. . . .
>    (4)(a) Issue a citation, remove the motor vehicle's license plates and registration receipt, and impound the motor vehicle.

Officer Carter chose the most restrictive option as set forth in section 321.20B.(4)(a)(4)(a). The officer impounded the vehicle.

In its ruling on the suppression motion, the district court rejected Juarez-Martinez's argument, concluding the officer's failure to "immediately and contemporaneously remove the license plates and take the registration" at the time of the impoundment and inventory search did not violate Juarez-Martinez's constitutional rights. Although, as the district court noted, the statute "does not specify the time within which this must be done," section 321.20B(4)(a)(4)(a) sets out the administrative steps necessary for an impoundment of a vehicle without proof of insurance: (1) issue a citation, (2) remove the license plates and registration receipt, and (3) impound the vehicle. A plain reading of the statute requires the citation for failure to produce proof of insurance be issued and license plates and registration receipt be removed before the vehicle is impounded. It is unclear from our record as to whether or not Officer Carter issued Juarez-Martinez a citation for failure to provide proof of insurance before impounding the car.[3] In any event, it is clear that Officer Carter failed to remove the license plates and registration receipt before impounding the car. Because

---

[3] At the suppression hearing the officer was asked if he issued "a citation." The officer responded, "I did." It is not clear if the officer was referencing the parking citation or one for lack of proof of insurance. Neither the officer's case investigation report nor the minutes of testimony make any mention of the issuance of a citation for lack of proof of insurance. The parking citation was not issued until after the search was performed.

the officer overlooked the legislatively imposed requirements for the impoundment, it appears he was motivated solely by an investigatory purpose. *See Huisman*, 544 N.W.2d at 439. We therefore conclude the impoundment was invalid and, accordingly, the inventory search was invalid.

The district court erred in denying Juarez-Martinez's motion to suppress. We reverse the judgment of the district court and remand for further proceedings.

**REVERSED AND REMANDED.**